**UNITED STATES of America,**
**Appellee,**

v.

**William Carl TRUELOVE, Appellant.**

**No. 72-2495.**

United States Court of Appeals,
Fourth Circuit.

Submitted June 25, 1973.

Decided Aug. 9, 1973.

S. Earl Griffin, Portsmouth, Va., on brief for appellant.

Brian P. Gettings, U. S. Atty., and Michael A. Rhine, Asst. U. S. Atty., on brief for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM.

In this appeal William Carl Truelove challenges a sentence of imprisonment for five years. The sentence was imposed following his guilty plea to an information charging him with unlawfully facilitating the transportation and concealment of marijuana without having paid the tax thereon in violation of 26 U.S.C. § 4744(a). The maximum penalty under this statute is ten years confinement and a fine of $20,000. A co-defendant who was sentenced by a different judge was placed on probation.

The only assignment of error is that the judge acted improperly in sentencing Truelove to a five-year term whereas another judge granted probation to a co-defendant who plead guilty to a similar charge. In the absence of the most exceptional circumstances, a sentence that does not exceed the statutory limits is within the sole discretion of the trial judge and an appellate court has no authority to review it. United States v. Wilson, 450 F.2d 495 (4 Cir. 1971); United States v. Godel, 361 F.2d

21 (4 Cir. 1966); United States v. Pruitt, 341 F.2d 700 (4 Cir. 1965).

The case of United States v. Wiley, 278 F.2d 500 (7 Cir. 1960), relied on by Truelove, is clearly distinguishable. The facts appearing in the record before us do not point convincingly to the conclusion that the district court, without justification, arbitrarily singled out Truelove for the imposition of a more severe sentence than that imposed upon his co-defendant. The co-defendant who was placed on probation was a twenty year old who was already serving an indeterminate sentence under the Youth Corrections Act. The defendant, who was twenty-six years old, had only six months remaining on a state prison term he was serving at the time of federal sentencing. The record indicates that the two judges gave careful consideration to the sentencing; there was sufficient reason not to incarcerate the co-defendant further and to require that Truelove be confined for more than the unexpired portion of his state sentence.

Accordingly, we dispense with oral argument and affirm the judgment.

Affirmed.