**Robert E. MERKI, Appellant,**

v.

**John SULLIVAN, Warden, FCI, Sandstone, and United States Parole Commission, Appellees.**

No. 87–5442.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1988.

Decided Aug. 4, 1988.

Ronald L. Thorsett, Minneapolis, Minn., for appellant.

Joahn N. Ericksen, Minneapolis, Minn., for appellees.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HENLEY, Senior Circuit Judge.

Appellant Robert E. Merki is an inmate at the Federal Correctional Institution, Sand-

stone, Minnesota. Appellant was sentenced, following his plea of guilty, to thirty years imprisonment. Appellant's plea of guilty was the result of a plea agreement. The National Parole Commission ordered presumptive parole after appellant serves 108 months. Appellant brought this habeas corpus action, 28 U.S.C. § 2241, alleging that the presumptive parole date violates his plea agreement. The case was referred to a United States Magistrate,[1] 28 U.S.C. § 636(b)(1)(B), who recommended that relief be denied because appellant's action was procedurally barred and, on the merits, the plea agreement had not been breached. The district court[2] adopted the report and recommendation of the magistrate. This appeal followed. We affirm.

Appellant was arrested on December 7, 1984 during a raid by federal agents on The Order, a para-military offshoot of the white supremacist Aryan Nations Church. Appellant was charged, along with twenty-two others, in a twenty-one count indictment. Pursuant to a plea agreement, appellant pleaded guilty to four counts: racketeering, 18 U.S.C. § 1962(c); counterfeiting, 18 U.S.C. § 471; conspiracy to counterfeit, 18 U.S.C. §§ 371, 471, 472 & 473; and failure to appear. 18 U.S.C. § 3146(a)(1). The remaining counts against appellant were dismissed and it was agreed that appellant would be sentenced to an aggregate of thirty years imprisonment.

The plea agreement also obligated appellant to aid in the investigation of crimes and activities of The Order of which he had knowledge. Appellant also agreed to testify in other trials. In return the government agreed

> to fully and accurately inform the trial court, the Bureau of Prisons, and the United States Parole Commission of the extent of [appellant's] cooperation and the results of his cooperation, in order that the Court and those Federal institutions may have sufficient and accurate information to determine the proper

place of imprisonment for him and the proper length of his imprisonment.

The government also agreed not to charge him for other offenses connected to his activity with The Order. The government has expressed no dissatisfaction with appellant's cooperation.

At appellant's initial parole hearing, the hearing panel recommended release after sixty-four months. The United States Attorney's office submitted a letter outlining appellant's cooperation as required by the plea agreement and appellant does not object to the substance of that letter.

On March 10, 1987 the Regional Commissioner referred appellant's case to the National Commissioner for original jurisdiction consideration. *See* 28 C.F.R. § 2.17(b). The National Commissioner established a guideline range of fifty-eight to ninety months. The National Commissioner departed from the guidelines to establish a presumptive parole date occurring after 108 months imprisonment. The reason given for the departure was that "[f]rom at least 1981 until your arrest in December, 1984, you were a member of The Order, an unusually extensive and organized criminal enterprise which was engaged in various serious criminal acts and also utilized criminal activity to finance the operations." This decision was appealable to the National Parole Commission, 28 C.F.R. § 2.27, and appellant was so notified. Appellant chose not to appeal and instead filed this habeas corpus action.

■ Appellant raises two arguments on appeal. First, appellant argues that the decision to extend his parole date beyond the guidelines was arbitrary, capricious, and an abuse of discretion. This argument has some merit because the stated reason for the departure, appellant's membership in The Order from 1981 through 1984, is flatly wrong. The Order did not come into existence until 1983, and appellant was not recruited until early 1984. Appellant, however, had the opportunity through further administrative review to bring this error to

---

1. The Honorable Patrick J. McNulty, United States Magistrate, District of Minnesota.

2. The Honorable Donald D. Alsop, Chief Judge, United States District Court, District of Minnesota.

the attention of the National Parole Commission and allow the agency to correct its error. 28 C.F.R. § 2.27. Appellant received notice of this avenue of review. Accordingly, his challenge to the National Parole Commission's action is procedurally barred. *Pope v. Sigler*, 542 F.2d 460, 461 (8th Cir.1976).

 Appellant's second allegation on appeal is that the Parole Commission's decision violates the plea agreement. Appellant does not contend that the United States Attorney failed in his obligation to make the appropriate representation to the Parole Commission. Rather, appellant argues that the language of the plea agreement manifests an intent that he would be punished only for conduct in which he was a participant. Accordingly, the Parole Commission's consideration of the extensive criminal activity of The Order is said to violate the plea agreement. While this argument has some facial appeal, it provides no legal basis for relief here and now.

Although the plea agreement did obligate the United States Attorney to specify to the Parole Commission those crimes in which appellant had a personal role, it did not foreclose the Parole Commission from considering the general implications of appellant's association with an extremist group such as The Order. The Parole Commission could, consistent with the express terms of the plea agreement, consider appellant's connection with The Order in setting a parole date.

Overall, however, the handling of this case gives some concern. Appellant, by the government's admission, has been integral in several successful prosecutions of Order members. To a degree, Merki's conduct since plea agreement and conviction exemplifies the proposition that there is honor among thieves. *United States v. Compagna*, 146 F.2d 524, 530 (2d Cir.1944), *cert. denied*, 324 U.S. 867, 65 S.Ct. 913, 89 L.Ed.2d 1423 (1945). The government seeks and expects Merki's continued cooperation in future investigations and prosecutions. Yet the government, as it may be bound to do, here defends a parole decision adverse to Merki which decision in large part was stated to be based on erroneous information. Such a defense may appear to appellant and others similarly situated to be a strange way to garner future cooperation.

Be that as it may, we find no basis upon which this court may predicate relief at this time. Merki is left to such further administrative relief as may be available to him, perhaps at a subsequent review of his presumptive parole date, *see* 28 C.F.R. § 2.14, or through the reopening procedure set forth in 28 C.F.R. § 2.28.

The judgment of the district court is affirmed.