912 F.2d 464
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sherman L. GOODMAN, Defendant-Appellant.
 No. 90-5462.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1990.
Decided Aug. 24, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CR-89-118-N).
 David W. Bouchard, Chesapeake, Va., for appellant.
 Henry E. Hudson, United States Attorney, Oliver L. Norrell, III, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sherman L. Goodman appeals his sentence of eight years imprisonment after he pled guilty to a superseding criminal information which alleged that he had unlawfully converted monies of the United States, in violation of 18 U.S.C. Secs. 641 and 2. On appeal, Goodman raises two challenges to his sentence. First, he contends that, after conducting an evidentiary hearing, the district court made an erroneous finding that he had twice tested positive for cocaine while at liberty awaiting his sentencing. Second, Goodman asserts that even if the findings were correct, the district court abused its discretion in considering that evidence in determining the length of his sentence. Finding no merit to either contention, we affirm the district court judgment.
 
 
 2
 * The information upon which Goodman pled guilty charged that from October 1, 1985, through October 31, 1987, he converted Veterans Administration benefits in violation of 18 U.S.C. Secs. 641 and 2. Prior to accepting Goodman's plea, the district court explained to him that it would consider his "entire background" in determining his sentence.[1]
 
 
 3
 On January 4, 1990, the district court held a sentencing hearing. During this hearing, the district court learned that Goodman had provided two urine samples, one on November 20, 1989, and the other on December 22, 1989, which were tested for drug use in preparation of the presentence report. Both tests revealed the presence of cocaine metabolite. Goodman denied cocaine use, contending that his cold medicine, taken in conjunction with his medication for epilepsy, produced the positive result. The district court deferred sentencing in order to hold an evidentiary hearing on this matter.
 
 
 4
 On January 30, 1990, the district court held an evidentiary hearing. At this hearing, the government produced copies of the laboratory results which indicated that Goodman's urine samples did test positive for cocaine. The government also submitted a sworn affidavit by David W. Fretthold, Ph.D., director of toxicology for the laboratory which performed the tests on the urine samples submitted by Goodman. In this affidavit, Fretthold stated that "[n]o other substances have been found which will cause a positive test result for cocaine metabolite other than cocaine metabolite itself." Finally, a probation officer, Pamela Thayer, testified that Goodman urinated in a bottle under the supervision of a male probation officer. She further testified that, in her presence, the bottles were marked, sealed and the accompanying chain of custody form was initialed by Goodman.
 
 
 5
 In response, Goodman admitted providing urine samples, but denied that the initials on the laboratory forms were his. He provided a writing sample in an effort to distinguish his writing from that on the laboratory forms.
 
 
 6
 After examining the evidence and reviewing the writing samples, the district court concluded that the government had established, beyond a reasonable doubt, that "the tests are accurate and the defendant did have cocaine metabolite in his urine."[2] After a discussion of Goodman's criminal background, which included three petty larceny charges, an assault and battery charge, a forgery charge and a possession of heroin charge, the district court sentenced Goodman to eight years imprisonment.
 
 II
 
 7
 We review the district court's finding that Goodman ingested cocaine under a clearly erroneous standard. Fed.R.Civ.P. 52(a); Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). The government provided copies of the two laboratory reports which indicated the presence of cocaine metabolite in the defendant's blood as well as uncontroverted testimony by Dr. Fretthold that no other substances have been found which will cause a positive test result for cocaine metabolite other than cocaine metabolite itself. Additionally, a probation officer called by the defendant testified to the validity of the chain of custody of the defendant's urine samples. In light of this evidence, the district court's finding that the tests were accurate and that the defendant had used cocaine while awaiting sentencing was not clearly erroneous.
 
 III
 
 8
 Likewise, we find no error in the trial court's consideration of these facts when imposing sentence. Trial judges traditionally enjoy broad discretion in setting criminal sentences. Solem v. Helm, 463 U.S. 277, 290 n. 16 (1983); United States v. Bruchey, 810 F.2d 456, 458 (4th Cir.1987). As this Circuit has repeatedly held, "[i]n the absence of the most exceptional circumstances, a sentence that does not exceed the statutory limits is within the sole discretion of the trial judge and an appellate court has no authority to review it." United States v. Truelove, 482 F.2d 1361, 1361 (4th Cir.1973); see also United States v. Whitehead, 849 F.2d 849, 860 (4th Cir.), cert. denied, 109 S.Ct. 534 (1988); United States v. Schocket, 753 F.2d 336, 341 (4th Cir.1985). Goodman pled guilty to a violation of 18 U.S.C. Sec. 641, which authorizes a fine of not more than $10,000 or imprisonment of not more than ten years, or both. Because the district court sentenced Goodman to eight years imprisonment, two years less than the statutory limit, Goodman must establish that exceptional circumstances exist which require this court to review the district court's sentence. No such exceptional circumstances exist.
 
 
 9
 Goodman's complaint on appeal is that the district court abused its discretion when it considered Goodman's recent drug use in determining his sentence. However, 18 U.S.C. Sec. 3553(a) specifically provides that a district court, "in determining the particular sentence to be imposed, shall consider ... the nature and circumstances of the offense and the history and characteristics of the defendant." The statute further states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. Sec. 3661 (formerly Sec. 3577); see also Williams v. New York, 337 U.S. 241, 246-49 (1949); United States v. Wise, 603 F.2d 1101, 1105-06 (4th Cir.1979).
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The Sentencing Guidelines do not apply to this case, since all the conduct in question occurred prior to November 1, 1987. See United States v. Polk, 905 F.2d 54, 55 (4th Cir.1990)
 
 
 [2]
 The government needed to prove its contention only by a preponderance of the evidence. McMillan v. Pennsylvania, 477 U.S. 79, 91-92 (1986)