947 F.2d 945
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank NOBLE, Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 No. 91-1808.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1991.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Frank Noble, a federal pro se prisoner, appeals the district court's dismissal of his second petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Noble is currently incarcerated in a federal penitentiary in Milan, Michigan serving a term of fifteen years for his conviction by a jury on charges of conspiracy to distribute methamphetamine and he was given a separate non-parolable consecutive term of five years for dealing firearms without a license. Noble applied for parole on December 17, 1986 and, after a hearing, was informed that he was continued to a presumptive parole after service of 120 months.
 
 
 3
 On appeal, the National Appeals Board affirmed the previous decision. Following the denial of his administrative appeal, he filed his first petition for a writ of habeas corpus with the United States District Court for the District of Minnesota. The court ordered the Parole Commission to establish a presumptive parole date for Noble within the appropriate guideline range of 52 to 64 months or issue a notice of action stating the facts and reasons why there was a deviation from the recommended guidelines. The Parole Commission affirmed the previous decision and stated its grounds for deviating from the recommended parole guidelines. The Commission recommended a time exceeding the guidelines based on the fact that Noble was a significant member of a conspiracy to distribute narcotics over a long period of time and that he had been a main source of both guns and drugs for an unusually extensive criminal enterprise which used considerable amounts of violence to accomplish its aims. The district court found the Commission's explanation sufficient and denied Noble's habeas petition. Noble appealed this decision to the United States Court of Appeals for the Eighth Circuit which affirmed the district court's order. Noble's request for a rehearing en banc was denied.
 
 
 4
 Noble filed his current petition for a writ of habeas corpus alleging four grounds for relief. He alleged that the Parole Commission:
 
 
 5
 (1) abused its discretion by failing to provide adequate and understandable reasons for imposing a longer time than the recommended parole guideline range of 52 to 64 months;
 
 
 6
 (2) improperly held him vicariously liable for the actions of a codefendant in the 1979 death of an innocent person;
 
 
 7
 (3) violated his equal protection rights by treating him differently than his codefendant who received a presumptive parole date of 64 months; and
 
 
 8
 (4) treated him differently than other similarly situated inmates because of his race and in retaliation for filing a habeas petition.
 
 
 9
 In a report and recommendation, the magistrate judge recommended granting the respondent's motion to dismiss and denying Noble's habeas petition. With regard to Noble's first two grounds, the magistrate judge found that the two issues had already been fully litigated in the United States District Court in Minnesota and affirmed on appeal by the United States Court of Appeals for the Eighth Circuit. He found that the petitioner was precluded from raising the ground of unwarranted codefendant disparity because Noble failed to exhaust his administrative remedies with regard to that claim. The magistrate judge further found that the petitioner's equal protection argument was vague, conclusory, without merit and that there was no showing of discriminatory intent. Upon de novo review in light of Noble's objections, the district court adopted the magistrate judge's recommendation and denied his petition. On appeal, Noble reasserts the same grounds for relief.
 
 
 10
 Upon review, we affirm the district court's judgment because Noble has failed to establish any violation of his constitutional rights.
 
 
 11
 Petitioner's first two claims involving deviation from parole guidelines and vicarious liability are barred from further review as they were fully litigated by the United States District Court of Minnesota and its decision was affirmed by the United States Court of Appeals for the Eighth Circuit. Because these issues were fully litigated on the merits and clearly resolved by the district court, Noble is precluded from raising these issues again in this habeas petition. See Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987); 28 U.S.C. § 2244(a); cf. McCleskey v. Zant, 111 S.Ct. 1454 (1991).
 
 
 12
 Because Noble has failed to exhaust his administrative remedies with regard to his third claim alleging a violation of his equal protection rights by treating him differently than a co-defendant with regard to a presumptive parole eligibility date, he is procedurally barred from raising this claim. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam); Merki v. Sullivan, 853 F.2d 599, 600-01 (8th Cir.1988). Furthermore, Noble has no enforceable constitutional right to be treated similarly to one of the codefendants in his criminal prosecution. See Sheary v. United States Parole Comm'n, 822 F.2d 556, 559 (5th Cir.1987).
 
 
 13
 As his last claim, Noble asserts he was denied his equal protection rights because he was treated differently than other similarly situated inmates because of race and in retaliation for filing a habeas petition. This claim is without merit. Because his allegations are premised upon mere conclusions and opinions, they need not be accepted as true and fail to state an adequate claim for deprivation of equal protection. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 14
 Accordingly, the district court's order denying Noble's petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.