Donald Anthony MAZZANTI, Petitioner,

v.

Joseph BOGAN, Respondent.

Civ. A. No. 94–CV–72800–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 24, 1994.

Donald Anthony Mazzanti, pro se.

Jonathan Tukel, U.S. Attorney's Office, Detroit, MI, for respondent.

### MEMORANDUM OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS

GADOLA, District Judge.

#### I. Introduction

Before the Court is petitioner Donald Anthony Mazzanti's *pro se* motion to expedite application for writ and his habeas corpus petition under 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution in Milan, Michigan where respondent Joseph Bogan is the warden.

Petitioner was convicted in 1988 of conspiracy to possess cocaine. The United States District Court for the Northern District of Illinois sentenced him to imprisonment for a non-parolable term of twelve (12) years. The United States Court of Appeals for the Seventh Circuit affirmed the conviction.

In this habeas action, petitioner challenges disciplinary proceedings against him. Specifically, on March 23, 1994, staff at a community corrections center in Chicago, Illinois charged petitioner with the use of marijuana. Correctional officers based the disciplinary charge on written confirmation from Pharm–Chem Laboratories that petitioner's urine sample of March 7, 1994, had tested positive for marijuana.

At 10:30 a.m. on March 28, 1994, a correctional officer delivered the incident report to petitioner. On March 28, 1994, petitioner also received a notice of hearing set for 10:55 a.m. that day and a notice of his rights before the community discipline committee (CDC). At 10:50 a.m. on March 28, 1994, petitioner waived his right to be informed of the disciplinary charge twenty-four (24) hours in advance of a hearing on the charge. At 11:00 a.m. on March 28, 1994, the CDC held its hearing on the charge against petitioner. The CDC found petitioner guilty as charged and recommended a disciplinary transfer due to program failure.

The CDC forwarded its report to the community corrections manager (CCM). On April 20, 1994, the CCM upheld the CDC's finding of guilt and imposed sanctions that included a disciplinary transfer and forfeiture of 150 days of statutory good time.

Petitioner sought administrative review of the CCM's decision, but on July 15, 1994, a Regional Director of the Bureau of Prisons denied his appeal. On July 21, 1994, petitioner filed the pending habeas corpus action. Subsequently, he applied for administrative relief from the Bureau's Administrator for National Inmate Appeals. On August 24, 1994, the Administrator for National Inmate Appeals denied petitioner's appeal.

Petitioner's sole ground for relief on habeas review is that correctional officers are holding him beyond his mandatory release date in violation of his right to due process. Respondent, who has answered the petition through counsel, argues that petitioner failed to exhaust his administrative remedies and that the Bureau of Prisons did not violate petitioner's right to due process.

In a reply to the responsive pleading, petitioner notes that he exhausted his administrative remedies after he filed his habeas corpus petition. Additionally, petitioner's reply raises the following new allegations: (1) correctional officers did not send his urine sample to Pharm–Chem in a timely manner; (2) correctional officers failed to give him timely notice of the charge against him; and

(3) the appointed investigator did not complete her investigation of the charge against him within the required time.

## II. *Discussion*

### A. *Exhaustion of Administrative Remedies*

 Parties generally must exhaust prescribed administrative remedies before seeking relief from federal courts. *McCarthy v. Madigan,* —— U.S. ——, ——, 112 S.Ct. 1081, 1086, 117 L.Ed.2d 291 (1992); *Little v. Hopkins,* 638 F.2d 953, 953–954 (6th Cir. 1981). The Bureau of Prisons maintains an extensive administrative remedy procedure "through which an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. Pursuant to that procedure, a prisoner who seeks administrative review of a complaint concerning the Bureau, must apply to the warden or CCM, to the Regional Director, and to the Office of General Counsel for relief. 28 C.F.R. §§ 542.11, 542.13, and 542.15.

Although petitioner had not completed the administrative process before applying for habeas corpus relief, he did so subsequently. Accordingly, the Court will not dismiss his petition on exhaustion grounds.

### B. *Petitioner's Claims*

Petitioner challenges his forfeiture of 150 days of statutory good time on the ground that the forfeiture violated his rights to due process and equal protection. He claims that a correctional officer coerced him into pleading guilty to the charged offense. He also claims that the penalty is cruel and unusual punishment and that other inmates who had positive urine samples did not forfeit statutory good time.

#### 1. *Procedural Due Process*

 Petitioner alleges that the disciplinary proceedings against him violated his right to due process. The due process rights afforded prisoners in disciplinary proceedings include: (1) written notice of the charges at least twenty-four (24) hours before a disciplinary hearing; (2) a written statement by the fact finders about the evidence relied on and the reasons for the disciplinary action; (3) presentation of witnesses and documentary evidence in defense when doing so will not be unduly hazardous to institutional safety or correctional goals; and (4) the assistance of staff or a competent inmate when the inmate is illiterate or when the issues are complex. *Wolff v. McDonnell,* 418 U.S. 539, 564–566, 570, 94 S.Ct. 2963, 2978–80, 2981–82, 41 L.Ed.2d 935 (1974); *Franklin v. Aycock,* 795 F.2d 1253, 1262–1262 (6th Cir.1986). In petitioner's case, correctional officers complied with the requirements of *Wolff* as follows.

First, although petitioner did not receive twenty-four (24)–hour notice of the disciplinary hearing, he waived that right. Specifically, petitioner received notice of the charge against him five (5) days after a correctional officer wrote the incident report and only thirty (30) minutes before his hearing. *See* Response to Petition for Writ of Habeas Corpus (Response to Petition), exhibits 3, 4, and 6. Nevertheless, the disciplinary coordinator notified petitioner of his right to notice of the charge at least twenty-four (24) hours before the hearing, and petitioner waived that right. *See* Response to Petition, exhibit 5.

Second, petitioner admits that he received a copy of the CDC's report and the CCM's memorandum. *See* Reply to Government (sic) Response to Petition for Writ of Habeas Corpus at 3. The report and memorandum contain the written finding of the CDC, the evidence relied on, and the reasons for disciplinary action. Clearly, "some evidence" supports the CCM's decision to revoke petitioner's statutory good time. *Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985).

Finally, correctional officers notified petitioner of his right to present witnesses and documentary evidence and his right to the assistance of staff. *See* Response to Petition, exhibits 4 and 5. Petitioner, however, waived these rights. *See* Response to Petition, exhibits 4 and 6. To summarize, no violation of procedural due process occurred in this case.

## 2. Petitioner's Confession

■ Petitioner alleges next that a correctional officer coerced his confession. Specifically, petitioner alleges that a correctional officer promised him a disciplinary transfer, only, if he (petitioner) confessed to the charged offense.

On administrative review, staff denied these allegations. See Response to Petition, exhibit 9. In any event, the CDC apparently did not rely on petitioner's confession. When making its findings, the CDC relied on the results of the urine test. See Response to Petition, exhibit 6. Moreover, the CCM had authority to impose more severe sanctions than the disciplinary transfer recommended by the CDC. Response to Petition, exhibits 9, 10 at 27–28, and 11 at 2. Petitioner's claim does not merit habeas relief.

## 3. Cruel and Unusual Punishment

■ Petitioner contends that the forfeiture of 150 days of statutory good time was cruel and unusual punishment. The Court notes, however, that the CCM possessed authority to deprive petitioner of all his statutory good time because his offense (Code 109—use of marijuana) was of the greatest severity. See 28 C.F.R. § 541.13, Table 3. Thus, the CCM could have imposed a sanction that resulted in forfeiture of all 860 days of petitioner's maximum statutory good time. See Response to Petition at 8 n. 4 and exhibit 1 at 2. The Court concludes that the CCM did not inflict cruel and unusual punishment on petitioner when she caused him to forfeit 150 days of statutory good time for an offense of the greatest severity.

## 4. Equal Protection

■ Petitioner states that two other inmates had positive urine samples while confined at the community corrections center and that they did not forfeit statutory good time. The Equal Protection Clause protects against classifications that disadvantage a suspect class or that impinge on the exercise of a fundamental right. Plyler v. Doe, 457 U.S. 202, 216–217, 102 S.Ct. 2382, 2394–95, 72 L.Ed.2d 786 (1982). Plaintiff has not alleged or otherwise shown that he is a member of protected class or that correctional officials deprived him of a fundamental right.

Moreover, the amount of statutory good time to be forfeited depends on the severity of the infraction and the amount of time available for forfeiture. See Response to Petition, exhibit 10 at 38. Petitioner has not alleged the nature of one inmate's infraction, nor the amount that either inmate had available for forfeiture. Thus, the facts as alleged do not point convincingly to the conclusion that correctional officers arbitrarily singled out petitioner for more severe sanctions than those imposed on other inmates. United States v. Truelove, 482 F.2d 1361, 1362 (4th Cir.1973); Guerrero–Guerrero v. Clark, 687 F.Supp. 1022, 1028 (E.D.Va.1988); see Sheary v. U.S. Parole Commission, 822 F.2d 556, 559 (5th Cir.1987). Petitioner's equal protection claim has no merit.

## 5. Appearance before DHO

■ Petitioner complains that he did not appear before a discipline hearing officer (DHO) as required by 28 C.F.R. § 541.17. Petitioner's reliance on 28 C.F.R. § 541.17 is misplaced. Section 541.17 governs disciplinary procedures in facilities other than community corrections centers. Petitioner, however, committed the alleged offense while he was confined in a community corrections center, and the Bureau's Program Statement 7300.08, not 28 C.F.R. § 541.17, governs disciplinary procedures for residents of community corrections centers. See Response to Petition at 6, 6 n. 3, and exhibit 10. As pointed out by the Regional Director, petitioner had a hearing before the CDC and he had no right to an additional hearing before a DHO on his arrival at the designated facility. See Response to Petition, exhibit 9.

## 6. Procedural Irregularities

■ In petitioner's reply brief, he presents additional claims concerning procedural irregularities allegedly committed by correctional officers during the disciplinary proceeding. Petitioner did not present these claims to the Regional Director or to the Administrator of National Inmate Appeals during administrative review of his case. Petitioner's failure to raise these claims before the Bureau of Prisons is a procedural default

that bars habeas corpus review of them. *See Merki v. Sullivan,* 853 F.2d 599, 600 (8th Cir.1988).

Furthermore, petitioner has not shown any prejudice resulting from the alleged delays in sending his urine sample to Pharm–Chem, in delivering his incident report to him, or in completing the investigative report. The alleged delays, therefore, do not warrant habeas corpus relief. *See Northington v. U.S. Parole Commission,* 587 F.2d 2, 3–4 (6th Cir.1978); *Donn v. Baer,* 828 F.2d 487, 490 (8th Cir.1987).

### III. *Conclusion*

The Court GRANTS petitioner's motion to expedite, having adjudicated his petition within a few weeks of receipt of his reply to the responsive pleading. Petitioner's habeas claims have no merit. Accordingly, the Court DENIES his petition for the writ of habeas corpus.