62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randy Michael TERRY, Petitioner-Appellant,
v.
David L. TRIPPETT, Warden, Respondent-Appellee.
 No. 94-2077.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1995.
 
 Before: MARTIN, GUY and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Randy Michael Terry, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 A jury convicted Terry of breaking and entering and of safe-breaking for which he received a parolable life sentence on the safe-breaking charge and a concurrent sentence of 30 to 120 months of imprisonment on the breaking and entering charge. After exhausting his available state court remedies, Terry filed his habeas corpus petition raising two grounds for relief. Terry alleged that: (1) his life sentence was based upon incorrect information and false assumptions; and (2) his life sentence violates the Eighth Amendment because the sentence is disproportionate to the crime and his co-defendant's sentence.
 
 
 3
 The district court considered the merits of Terry's claims and denied habeas corpus relief. On appeal, Terry continues to argue the merits of his claims. He requests oral argument.
 
 
 4
 Upon review, we affirm the district court's judgment for the reasons set forth in the district court's opinion and order filed August 12, 1994, and because Terry was not denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir. 1989), cert. denied, 495 U.S. 950 (1990).
 
 
 5
 With regard to petitioner's first claim, a sentence based on extensively and materially false information, which a prisoner had no opportunity to correct, violates due process. Roberts v. United States, 445 U.S. 552, 556 (1980). In order to establish a due process violation based on the use of false information in sentencing, a petitioner must show that the evidence in question was materially false and that the trial court relied on it. United States v. Polselli, 747 F.2d 356, 358 (6th Cir. 1984) (per curiam), cert. denied, 469 U.S. 1196 (1985). The trial court did not rely on materially false information in sentencing Terry and it gave Terry's counsel an opportunity to correct those facts which he believed were false prior to sentencing. Terry's sentence was not based on false information.
 
 
 6
 Next, petitioner argues that his life sentence for safe-breaking violates the Eighth Amendment because the sentence is disproportionate to the crime and his co-defendant's sentence, and it is also disproportionate under Michigan law. Terry is essentially asking the court to rule on a matter of state law which rarely serves as a basis for habeas corpus relief. Smith v. Sowders, 848 F.2d 735, 738-39 (6th Cir.), cert. denied, 488 U.S. 866 (1988). Furthermore, a claim that the trial court violated state law when sentencing a prisoner is not cognizable in a habeas corpus proceeding. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam). There is no violation of a constitutional right because the United States Constitution contains no strict proportionality guarantee. Harmelin v. Michigan, 501 U.S. 957, 965 (1991); United States v. Hopper, 941 F.2d 419, 422 (6th Cir. 1991). Furthermore, the mere disparity of a sentence even among co-defendants does not in and of itself suggest that one defendant has been arbitrarily singled out for a more severe punishment than that normally imposed upon similarly situated defendants. Guerrero-Guerrero v. Clark, 687 F. Supp. 1022, 1028 (E.D. Va. 1988) (citing United States v. Truelove, 482 F.2d 1361 (4th Cir. 1973) (per curiam)).
 
 
 7
 Accordingly, we deny Terry's request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.