**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4295

THOMAS PAUL JORDAN, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-94-618)

Submitted: January 29, 1999

Decided: May 7, 1999

Before WIDENER and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Hardy Price, III, LAW OFFICES OF JAMES H. PRICE III,
P.A., Greenville, South Carolina, for Appellant. William Corley
Lucius, Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Paul Jordan appeals from the district court's order reducing his sentence pursuant to Fed. R. Crim. P. 35(b). In 1995, Jordan pleaded guilty to kidnapping, in violation of 18 U.S.C.A. § 1201 (West 1984 & Supp. 1996), and to using and carrying a firearm during a crime of violence, in violation of 18 U.S.C.A.§ 924(c) (West Supp. 1998). Jordan was sentenced to 180 months' imprisonment, five years' supervised release, $2769 restitution, and a $100 special assessment. Jordan's sentence was affirmed on direct appeal. See United States v. Jordan, No. 96-4133 (4th Cir. Nov. 5, 1996) (unpublished). In October 1997, the Government moved for a reduction in sentence under Fed. R. Crim. P. 35(b). The district court reduced Jordan's sentence to 135 months' imprisonment. Jordan timely noted an appeal. Finding no error, we affirm.

Counsel for Appellant has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing whether the district court abused its discretion in failing to sentence Jordan in conformity with a similarly situated codefendant who received a drastic sentence reduction. Counsel concedes, however, that there are no meritorious issues for appeal. Jordan was informed of his right to file a pro se supplemental brief and filed a brief raising several issues.

The sentencing court need not consider the sentence of a codefendant when imposing sentence. See United States v. Foutz, 865 F.2d 617, 621 (4th Cir. 1989); United States v. Truelove, 482 F.2d 1361, 1361-62 (4th Cir. 1973). To the extent that Jordan challenges the district court's refusal to depart downward based on his codefendant's sentence, disparity of sentences among codefendants is not a ground for downward departure absent prosecutorial misconduct, which is not alleged here. See United States v. Fonville , 5 F.3d 781, 783-84 (4th Cir. 1993). We find, therefore, that the district court did not err in imposing Jordan's sentence.

2

With regard to the issues raised in Jordan's supplemental brief challenging the underlying conviction and sentence, we decline to review all but one of his claims. Jordan contends that the transcript of the hearing on the Rule 35 motion for reduction of sentence was altered. We find that Jordan's contention is meritless and belied by the record.

In accordance with the requirements of Anders , we have reviewed the record for potential error and have found none. Therefore, we affirm Jordan's sentence. We deny Jordan's pro se motions styled as "Appellant's Application for Consideration to Vacate or Modify Clerk's Actions," "Appellant's Proper Suggestion to Supplement the Record Pursuant to Federal Rules Appellate Procedure 10(c)," "Appellant's Motion to Allow Affidavit into Evidence as`Original Paper' Pursuant to Rule 10 Federal Rules Appellate Procedure," "Appellant's Proper Suggestion of Error Complained of in Motions be Included in Scope of Review on Appeal," "Appellant's Motion for Suspension of Rules Pursuant to Federal Rules Appellate Procedure 2," "Appellant's Proper Suggestion to Supplement the Record for Review," "Appellant's Motion for Grand Jury Minutes, all FBI 302 Investigation Reports and Polygraph Results to Accompany Records on Appeal," "Appellant's Motion for Review of the District Court's Determination to Allow Affidavit into Evidence and Allow Rule of Lenity," and Jordan's motion to disqualify the district court judge.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED