**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 99-4069

DEMITREUS ANTRON HERBERT,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-66)

Submitted: July 20, 1999

Decided: August 10, 1999

Before HAMILTON and KING, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David I. McCaskey, LAW OFFICE OF DAVID I. MCCASKEY,
Staunton, Virginia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roa-
noke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Demitreus Antron Herbert appeals his guilty plea conviction for conspiracy to possess with intent to distribute cocaine base (crack), in violation 21 U.S.C. §§ 841(a)(1), 846 (1994). Finding no error, we affirm.

On appeal, Herbert contends for the first time that the district court erred at sentencing in considering a statement of codefendant Billy Wells, as recounted by Agent Small, that Herbert continued to be involved in the conspiracy after 1994. We find no plain error in the consideration of the statement at sentencing. See United States v. Olano, 507 U.S. 725, 732-37 (1993); United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994).

Herbert also asserts that the district court erred in imposing a sentence that was just as severe or more severe than other codefendants who had more significant roles in the conspiracy than he did. The sentencing court need not consider the sentence of a codefendant when imposing sentence. See United States v. Foutz , 865 F.2d 617, 621 (4th Cir. 1989); United States v. Truelove, 482 F.2d 1361, 1361-62 (4th Cir. 1973). To the extent that Herbert challenges the district court's refusal to depart downward based on his codefendant's sentence, disparity of sentences among codefendants is not a ground for downward departure absent prosecutorial misconduct, which is not alleged here. See United States v. Fonville, 5 F.3d 781, 783-84 (4th Cir. 1993). We find, therefore, that the district court did not err in imposing Herbert's sentence.

Last, Herbert asserts that counsel was ineffective for failing to object to hearsay statements at sentencing and for failing to call additional character witnesses at sentencing. These claims should be raised in a motion under 28 U.S.C.A. § 2255 (West Supp. 1999), and

2

not on direct appeal, because the record does not conclusively show that counsel was ineffective. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (providing standard).

Accordingly, we affirm Herbert's sentence. We grant Herbert's motion to submit the case on briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3