**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4724

KELVIN JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CR-98-360-DWS)

Submitted: September 30, 1999

Decided: October 18, 1999

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher J. Moran, Columbia, South Carolina, for Appellant. Jane
Barrett Taylor, OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kelvin Johnson pleaded guilty to conspiracy to distribute cocaine and cocaine base, 21 U.S.C.A. § 846 (West Supp. 1999), and possession of a firearm by a convicted felon, 18 U.S.C.A.§ 922(g) (West Supp. 1999). He now appeals his 348-month sentence. Counsel has filed a brief pursuant to Anders v. California , 386 U.S. 738 (1967), stating that in his view there are no meritorious grounds for appeal but raising one issue: whether Johnson's sentence was disproportionately high when compared to the 200-month sentence of a codefendant and leader of the conspiracy. Johnson was informed of his right to file a pro se supplemental brief but has not done so. Because we find no reversible error, we affirm.

Johnson was a major crack cocaine supplier in the Ridgeway, South Carolina, area. He was part of a conspiracy headed by codefendants Odell Woodard and Willie Johnson. Kelvin Johnson admitted at his guilty plea proceeding that he was responsible for distributing more than 1.5 kilograms of crack. Further, he was usually armed with a handgun during drug transactions.

Johnson's guideline range was 360 months to life. This represented an offense level of 37 and a criminal history category of VI. At sentencing, the court granted Johnson's motion for a downward departure based on substantial assistance, see U.S. Sentencing Guidelines Manual § 5K1.1 (1997), and imposed a sentence of 348 months.

Johnson's only argument on appeal is that his sentence was grossly disproportionate to the 200-month sentence of codefendant Woodard. A sentencing court need not consider the sentence of a codefendant when imposing sentence. See United States v. Foutz, 865 F.2d 617, 621 (4th Cir. 1989); United States v. Truelove , 482 F.2d 1361, 1361-62 (4th Cir. 1973). To the extent that Johnson challenges the district court's failure to depart downward based on Woodard's sentence, disparity of sentences among codefendants is not a ground for downward departure absent prosecutorial misconduct. See United States v. Fonville, 5 F.3d 781, 783-84 (4th Cir. 1993). There is no suggestion

2

of misconduct here. We therefore find that the district court did not err in imposing Johnson's sentence.

As required by <u>Anders</u>, we have examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm Johnson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If his client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy thereof has been served on his client.

<u>AFFIRMED</u>

3