UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TROY SCOTT,

*Defendant-Appellant.*

No. 01-4137

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-00-705)

Submitted: September 20, 2001

Decided: September 28, 2001

Before LUTTIG, KING, and GREGORY, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

## COUNSEL

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Sean Kittrell, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Troy Scott appeals his conviction entered upon his guilty plea to escape from federal custody in violation of 18 U.S.C. § 751 (1994). Scott's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), addressing whether the district court erred in denying Scott's motion for downward departure, but concluding that there are no meritorious issues for appeal. Scott has filed a supplemental pro se brief in which he asserts that he was denied equal protection because his co-defendant received a lesser sentence for the same offense. We affirm in part and dismiss in part.

At sentencing, Scott requested a downward departure on the ground that his status as a career offender overstated the seriousness of his criminal history. The district court considered Scott's arguments, recognized its authority to depart, and elected not to depart. Where the sentencing court was aware of its authority to depart and simply declined to do so, we lack authority to review its decision. *United v. Edwards*, 188 F.3d 230, 238-39 (4th Cir. 1999), *cert. denied*, 528 U.S. 1130 (2000); *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990). We therefore dismiss this portion of the appeal.

In his supplemental pro se brief, Scott argues that the disparity in sentences imposed upon him and his co-defendant violated the Equal Protection Clause. A sentencing court need not consider the sentence of a co-defendant when imposing sentence. *United States v. Foutz*, 865 F.2d 617, 621 (4th Cir. 1989); *United States v. Truelove*, 482 F.2d 1361, 1361-62 (4th Cir. 1973). Moreover, disparity of sentences among co-defendants is not a ground for downward departure absent prosecutorial misconduct. *United States v. Fonville*, 5 F.3d 781, 783-84 (4th Cir. 1993). There is no suggestion of misconduct here.

Pursuant to *Anders*, this court has reviewed the record for potential error and has found none. Therefore, we affirm Scott's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this

court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*