43 F.3d 1469
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold Lee SMITH, Defendant-Appellant.
 No. 93-5884.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 4, 1994.
Decided Dec. 20, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, Chief District Judge.
 ARGUED: Stephen John Henry, Taylor & Henry, Greenville, SC, for appellant.
 David S. Kris, Criminal-Appellate Section, U.S. Dept. of Justice, Washington, DC, for appellee.
 ON BRIEF: Mark T. Calloway, U.S. Atty., Jerry Miller, Asst. U.S. Atty., Criminal-Appellate Section, U.S. Dept. of Justice, Washington, DC, for appellee.
 W.D.N.C.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before WIDENER and HALL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 As a result of a jury trial, appellant Harold Lee Smith was convicted of: (1) Count 1, conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. Secs. 846 and 841(a)(1); (2) Counts 5 and 7, possession of cocaine base with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1); (3) and Counts 6 and 8, distributing cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to life imprisonment on Count 1, and to concurrent terms of 240 months imprisonment on each of the four remaining counts. He was assessed $50 on each count for a total of $250.
 
 
 2
 He appeals his convictions and sentences claiming numerous errors by the district court: (1) in denying his motion to dismiss Count 1 of the indictment because it failed to properly notify him of the charges against him; (2) in admitting into evidence five arrest warrants of a government witness; (3) in admitting evidence of appellant's other crimes under Federal Rule of Evidence 404(b); (4) in denying a motion for a new trial based upon a post-trial statement made by a government witness; (5) in denying appellant's motion to dismiss Counts 5 and 7 when he could not be convicted of both possessing with intent to distribute and distributing cocaine base for the same transactions; (6) in sentencing appellant as a manager or supervisor of criminal activity under U.S. Sentencing Guideline Sec. 3B1.1(b); and (7) in refusing to depart downward under the guidelines based upon the comparative sentencing of his co-conspirators. We agree with appellant that his convictions under Counts 5 and 7 of possessing cocaine base with intent to distribute it must be reversed because these charges merge with his convictions under Counts 6 and 8 of distributing cocaine base. However, we find no merit in any of his other exceptions, and we affirm all of his convictions and the sentences thereunder except as to Counts 5 and 7, which are reversed, together with the $50 assessment on each of these counts. We remand for resentencing.
 
 I.
 Count 1 of the indictment alleged:
 
 3
 From on or about January 1, 1986, and continuously thereafter, until on or about March 13, 1990, in the Western District of North Carolina,
 
 HAROLD LEE SMITH
 
 4
 did unlawfully and wilfully combine, conspire, confederate with other, both known and unknown to the Grand Jury, to unlawfully possess with intent to distribute more than 50 grams of cocaine base, a Schedule II controlled substance, a violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846.
 
 
 5
 The evidence was sufficient to establish beyond a reasonable doubt that between the dates alleged in the indictment, appellant was a member of and served in a supervisory or managerial capacity in a large drug ring that transported cocaine powder from South Florida to Western North Carolina where the powder was converted into cocaine base and distributed. The evidence established that Smith was one of those who brought cocaine powder from Florida to North Carolina, and that he also was involved in the recruitment of couriers and street vendors and shared in their profits. Further more, ample evidence existed to support the findings that he unlawfully distributed cocaine on February 14 and February 17, 1989, as charged in Counts 6 and 8 of the indictment.
 
 
 6
 The appellant's presentence report recommended a base offense level of 40 under U.S.S.G. Sec. 2D1.1(c)(2) because he was responsible for distributing between 10 and 15 kilograms of cocaine base. It also recommended that his offense level be increased by 3 levels under Sec. 3B1.1(b) because he was the manager or supervisor of the drug conspiracy. This gave an offense level of 43 with a criminal history in category II and a sentencing range of life imprisonment, which the district court imposed on the conspiracy count. The court also sentenced him to concurrent terms as a result of his convictions under Counts 5, 6, 7, and 8.
 
 II.
 
 7
 Appellant first claims that the allegations of Count 1 of the indictment did not give sufficient notice and failed to properly advise him of the charges against him because the charges are vague and nonspecific, did not inform him of the nature of his alleged crime, did not name his co-conspirators, and did not describe any overt acts.
 
 
 8
 We are satisfied that the first count of the indictment is sufficient under the holding in Hamlin v. United States, 418 U.S. 87, 117 (1974), which states:
 
 
 9
 Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions from the same offense. Hagner v. United States, 285 U.S. 427 (1932); United States v. Debrow, 346 U.S. 374 (1953). It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." United States v. Carll, 105 U.S. 611, 612 (1882). "Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied by such a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." United States v. Hess, 124 U.S. 483, 487 (1888).
 
 
 10
 The indictment is not legally insufficient in failing to name coconspirators. See United States v. Amend, 791 F.2d 1120, 1125 (4th Cir.), cert. denied, 479 U.S. 930 (1986). Likewise, it is not necessary that a conspiracy indictment specify any overt acts in furtherance of the conspiracy. The indictment complied with the requirements of Federal Rule of Procedure 7(c)(1): "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."
 
 III.
 
 11
 We find no merit to appellant's claim that the trial court erred in permitting the government to introduce the arrest warrants of its witness Raymond Reid, who had testified that he had obtained cocaine base from appellant on four occasions between 1986 and 1989 and that he had been arrested in July 1987 for distributing cocaine base that he had obtained from appellant. The witness could not remember the month of the transaction that led to his arrest in July 1987, and after Reid's cross-examination by defense counsel, the court allowed the government to offer state arrest warrants on which Reid had been arrested in July 1987. These warrants stated that Reid had distributed cocaine on five occasions in February 1987. The prosecution argues that these warrants were admissible to establish the dates of the offenses by Raymond Reid for the purpose of proving the charges contained in Count 2. We find no error in the admission of these warrants, particularly in view of the fact that appellant was acquitted of the charges contained in Count 2 of the indictment.
 
 IV.
 
 12
 We find no merit to appellant's claim that the district court erred in admitting evidence of the government witness Christopher Gossett as to a drug purchase from appellant in the fall of 1990, after the date of the termination of the conspiracy charged in Count 1. The trial court agreed with appellant's counsel that the testimony as to a sale in the fall of 1990 was evidence of other crimes under Federal Rule of Evidence 404(b), but the court admitted the evidence and gave the jury an appropriate limiting instruction which we find sufficient to remove any prejudice.
 
 V.
 
 13
 We find no merit in appellant's contention that an alleged post-trial statement by Oscar Williams required a new trial. To obtain a new trial on the grounds of after discovered evidence, a defendant must show that the evidence is newly discovered, that he was diligent in obtaining the evidence, that the evidence was not merely cumulative or impeaching, that it is material and if admitted, a new trial would probably lead to an acquittal. United States v. Bales, 813 F.2d 1289, 1295 (4th Cir.1987).
 
 
 14
 We have examined the post-trial statement and find that it does not meet the Bales standard. At most it would constitute impeachment testimony which is not sufficient to require a new trial.
 
 VI.
 
 15
 It is obvious from the record, and the government concedes, that appellant was convicted on Counts 5, 6, 7, and 8 as a result of his two drug sales to Oscar Williams on February 14 and February 17, 1989. Under our decision in United States v. Curry, 512 F.2d 1299, 1305 (4th Cir.), cert. denied, 423 U.S. 832 (1975), the charges of possession of cocaine with intent to distribute contained in Counts 5 and 7 of the indictment merge into and become a single offense with the distribution of cocaine charged in Counts 6 and 8. Therefore, the convictions on Counts 5 and 7 must be vacated and the case remanded to the district court in order that these two convictions with the sentences and assessments of $50 each be vacated.
 
 
 16
 We find no merit to appellant's claim that he should not have been sentenced as a manager or supervisor because the evidence clearly demonstrated that he was at least a middle manager in the drug conspiracy working with the suppliers in Florida and supervising the distribution in North Carolina.
 
 
 17
 We also find no merit in appellant's contention that the district court erred in refusing to grant a downward departure because of the disparity between his sentence and those of his co-conspirators. This claim is answered in our decision of United States v. Fonville, 5 F.3d 781 (4th Cir.1993), in which we concluded that disparity of sentences among codefendants or co-conspirators, absent prosecutorial misconduct, is not a proper basis for a downward departure.
 
 
 18
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.