UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                          No. 00-4181

HAROLD LEE SMITH,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Richard L. Voorhees, District Judge.
(CR-92-21)

Submitted: March 30, 2001

Decided: April 26, 2001

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

William E. Loose, Asheville, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Jerry W. Miller, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Harold Lee Smith appeals the district court's order on resentencing denying his motions for a downward departure and his objection to a prior sentencing enhancement. Smith also claims for the first time on appeal that his sentence is illegal in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Finding no error, we affirm.

Smith was convicted in 1993 of various drug offenses, and this court ultimately affirmed his convictions and sentence.[1] In 1998, Smith filed a motion pursuant to 18 U.S.C.A. § 3582(c)(2) (West 2000), in which he sought relief under Amendment 505 to the United States Sentencing Commission, *Guidelines Manual* (Nov. 1998).[2] Smith also asked the district court to grant him a downward departure based on his minor role in the offense and his post-offense rehabilitation and to reconsider it's decision during his original sentencing to enhance his base offense level for being a manager under USSG § 3B1.1.

The district court properly granted relief under Amendment 505, adjusted Smith's offense level, and resentenced him to 360 months' imprisonment. The court declined to consider Smith's other sentencing issues, finding that it lacked the authority to do so under § 3582(c)(2).

A resentencing pursuant to § 3582(c)(2) is not a de novo proceeding, but merely a form of limited remand. *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997). The district court may only

---

[1]*United States v. Smith*, No. 93-5884 (4th Cir. Dec. 20, 1994) (unpublished). Although we reversed two counts of conviction and merged them with two of the remaining counts, this part of the decision has no effect on the case before us today.

[2]This amendment lowered the maximum base offense level dictated by the drug quantity table in USSG § 2D1.1. The amendment is retroactive under USSG § 1B1.10(c), p.s. For Smith, the result was a reduction in his sentencing range from mandatory life imprisonment to 360 months to life.

consider the effect of the retroactive amendment, not any other sentencing or guideline issues. USSG § 1B1.10, p.s., comment. (n.2). We therefore find that the district court properly declined to consider Smith's motions for a downward departure. We further find no error in the district court's decision not to reconsider its prior enhancement of Smith's base offense level, as that issue was decided against Smith on direct appeal.

Finally, Smith argues in this appeal for the first time that his sentence violates *Apprendi*. Any argument that Smith's sentence violates *Apprendi* "was a new issue, one not authorized by § 3582(c), for it is unrelated to any change in the Sentencing Guidelines." *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001). As a result, Smith's *Apprendi* argument is "the sort of contention usually raised by motion under 28 U.S.C. § 2255, and because the argument falls within the scope of § 2255 ¶ 1 we treat it as a collateral attack under that statute." *Id.* Because Smith did not raise this issue at trial or on direct appeal, Smith has procedurally defaulted his *Apprendi* claim. *See United States v. Sanders*, No. 00-6281, slip op. at * (4th Cir. April 9, 2001) (agreeing with the Seventh Circuit's analysis in *Smith* and holding that *Apprendi* claims raised for the first time under § 2255 are procedurally defaulted). Furthermore, because this Court has held that the rule announced in *Apprendi* "does not apply retroactively on collateral review, [Smith] cannot challenge his conviction on the basis of any such error." *Id.*, slip op. at *.

Accordingly, we affirm Smith's sentence. The Government's unopposed motion to augment the record is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

*AFFIRMED*