UNITED STATES of America,
Plaintiff–Appellee,

v.

Anthony Theodore FONVILLE,
Defendant–Appellant.

No. 92–5509.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1993.

Decided Sept. 30, 1993.

C. Winston Gilchrist, Asst. Federal Public Defender, Raleigh, NC, argued for defendant-appellant.

Robert Daniel Boyce, Asst. U.S. Atty., Raleigh, NC, argued (Margaret Person Currin, U.S. Atty., on brief), for plaintiff-appellee.

Before WIDENER, Circuit Judge, MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation, and CLARKE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

WIDENER, Circuit Judge:

The defendant, Anthony T. Fonville, pleaded guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2 and § 2113(a) and (d). The district court sentenced him to 210 months imprisonment as a career offender pursuant to U.S.S.G. § 4B1.1,[1] based on Fonville's two prior convictions in North Carolina for breaking and entering and common law robbery. Fonville appeals his sentence, contending that the district court erred by not departing downward based on the disparity of sentences received by Fonville and his co-defendant, as well as Fonville's lack of youthful guidance. Fonville also claims that the court erred in classifying him as a career offender under U.S.S.G. § 4B1.1 because his two prior convictions were related and should not have been considered separate offenses. Lastly, Fonville asserts that basing career offender status on state adult convictions obtained before the age of eighteen violates equal protection guarantees implicit in the Fifth Amendment. We affirm.

On December 23, 1991, Anthony Fonville, along with co-defendant Paul Fonville, robbed a bank in Beulaville, North Carolina, using a gun. Both defendants pleaded guilty and pre-sentence reports were prepared. Anthony Fonville's pre-sentence report recommended career offender status, pursuant to U.S.S.G. § 4B1.1, based on his two prior adult felony convictions in North Carolina for violent crimes. Fonville was seventeen years old when he committed these prior offenses; however, the state court sentenced him as an adult on both occasions.

The Onslow County Sheriff's Department arrested Anthony and Paul Fonville for an October 14, 1988 breaking and entering of a residence and, in the course of that arrest, learned about their involvement in a convenience store robbery that occurred on October 6, 1988. Anthony Fonville and Paul Fonville were indicted for robbery with a dangerous weapon, pursuant to N.C.Gen.Stat. § 14–87 (1986), which carries a mandatory minimum sentence of seven years.[2] Anthony Fonville proceeded to trial first and on February 15, 1989, a jury found him guilty of the less serious charge of common law robbery, pursuant to N.C.Gen.Stat. § 14–87.1. The day following this conviction, the District Attorney for North Carolina voluntarily dismissed the robbery with a dangerous weapon charge against Paul Fonville in exchange for his guilty plea to four counts of felonious breaking and entering, including the October 14, 1988 breaking and entering of a residence. On March 15, 1989, Anthony Fonville entered a plea agreement in which he pleaded guilty to five counts of felonious breaking and entering, including the same October 14, 1988 breaking and entering of a residence that Paul Fonville pleaded guilty to. Anthony Fonville was sentenced on the common law robbery charge to ten years, to run consecutive to a prior sentence from 1987. Afterwards, he was sentenced on the breaking and entering offenses to ten years, to run concurrent with any sentence he was then serving.

On the instant bank robbery offense, the district court sentenced Anthony Fonville to 210 months as a career offender pursuant to U.S.S.G. § 4B1.1, based on the prior state convictions for common law robbery and the breaking and entering of a dwelling. Paul Fonville received a 71 month sentence. Paul was not adjudicated a career offender, since the October 6, 1988 common law robbery charge against him had been dismissed. At sentencing, the district court rejected any

---

1. The 1991 United States Sentencing Guidelines are applicable to Fonville's sentencing and all references are to that version.

2. The police report of this incident states that Paul Fonville and another man involved in the robbery told the police that Anthony Fonville entered the store and held a knife to the store

clerk, while Paul Fonville was outside the store as a look-out man. Thus, for the purpose of this opinion, we assume that Paul Fonville was, in fact, involved in the same robbery that served as a predicate offense for Anthony Fonville's career offender status.

downward departures based on Fonville's youth or lack of youthful guidance or the disparity of the sentences between the two defendants.[3] The district court found that Fonville's prior convictions for common law robbery and breaking and entering a residence were not related. The district court also rejected the defendant's claim that the career offender provisions violate the equal protection component of the Fifth Amendment in so far as they utilize state-defined adult convictions sustained by offenders prior to the age of eighteen.

### I.

■ Fonville contends that the district court had the authority to grant a downward departure in his sentence pursuant to 18 U.S.C. § 3553(a)(6), which states that sentencing courts shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The defendant argues that a downward departure based on the disparity of sentences for similarly situated co-defendants is warranted, since both co-defendants are guilty of the armed bank robbery and were involved in the same two prior offenses that led to Anthony's qualifying as a career offender. The defendant asserts that the only difference between the two defendants is that Paul was not convicted of the common law robbery, whereas Anthony was convicted and this conviction served to qualify him as a career offender under U.S.S.G. § 4B1.1.[4] Both Fonville and the Government agree that the district court refused to depart because it felt it had no authority to do so on the basis of sentencing disparity.[5] There-

fore, Fonville's appeal on this issue is reviewable. See *United States v. Bayerle*, 898 F.2d 28 (4th Cir.), *cert. denied*, 498 U.S. 819, 111 S.Ct. 65, 112 L.Ed.2d 39 (1990). The district court's determination of its departure authority is a legal decision; therefore, our review is *de novo*. See *United States v. Hall*, 977 F.2d 861, 863 (4th Cir.1992).

This court recently decided in *United States v. Ellis*, 975 F.2d 1061, 1066 (4th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1352, 122 L.Ed.2d 733 (1993) that the disparity of sentences among co-defendants or co-conspirators, absent prosecutorial misconduct, is not a proper basis for departure pursuant to 18 U.S.C. § 3553(b).[6] *Ellis* points out that while such disparate sentences may seem inequitable, a downward departure would be tantamount to trying to make two wrongs equal a right. *Ellis*, 975 F.2d at 1066 n. 2. The rationale for rejecting downward departures based on the disparity of sentences given to co-conspirators is that

> national uniformity in the sentencing of similar defendants for similar federal offenses which Congress sought to ensure is undermined when a departure from a defendant's guideline range is based on the sentence imposed on a codefendant or a coconspirator, regardless of whether that sentence was imposed in a federal or state forum....

*Hall*, 977 F.2d at 864. Therefore, we held in *Hall* that where two co-defendants or co-conspirators receive sentences within the guidelines, disparity is not unwarranted, within the meaning of 18 U.S.C. § 3553(a)(6). *Hall*, 977 F.2d at 865 n. 4.

---

**3.** In refusing to depart downward based on the disparity of the sentences, the district court stated:

> ... [Y]ou have touched upon the problems of sentencing guidelines, and the Fourth Circuit, unfortunately from my view, does not accord the sentencing judge the authority to take disparity among defendants into account.

**4.** U.S.S.G. § 4B1.1 provides that:

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two

prior felony convictions of either a crime of violence or a controlled substance offense....

**5.** See, *infra* at n. 3.

**6.** 18 U.S.C. § 3553(b) provides, in relevant part, that [the] court shall impose a sentence of the kind, and within the [Guidelines] range unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

This case fits squarely within the holding and rationale of both *Ellis* and *Hall.* We are of opinion that the sentencing disparity in this case is not unwarranted and no downward departure would be justified. Differing career offender status between co-defendants results in different sentences and will always be based on the fact of prior convictions, or lack thereof, on co-defendants' respective criminal records. The guidelines are clear that it is only prior convictions, i.e. judicial determinations of guilt, not prior unconvicted criminal conduct, which determine career offender status under § 4B1.1. Indeed, given the fact that Paul could not be declared a career offender because there was no common law robbery conviction on his record, the disparity of sentence between Anthony and Paul is not unwarranted.[7] Furthermore, U.S.S.G. § 4A1.3(e) demonstrates that the Sentencing Commission considered unconvicted criminal conduct and provided only for an upward departure where the criminal history category of a defendant does not "adequately reflect the seriousness of the defendant's past criminal conduct," based on "prior similar adult criminal conduct not resulting in a criminal conviction." It would be an anomaly if the same factor (unconvicted conduct) that the Sentencing Guidelines use to justify an upward departure for one defendant would be allowed to justify a downward departure for a co-defendant, should the upward departure not be given.

## II.

■ We are of opinion that the district court refused a downward departure based on the defendant's lack of youthful guidance because it felt that no departure was warranted and not, as Fonville contends, because

it believed it had no authority to depart on that basis. Thus, the district court's discretionary refusal to depart is not reviewable on appeal. *Bayerle,* 898 F.2d at 29–31.

## III.

■ The district court sentenced Fonville as a career offender, pursuant to U.S.S.G. § 4B1.1, based on his two prior violent adult felony convictions in North Carolina for the common law robbery committed on October 6, 1988 and the breaking and entering of a residence committed on October 14, 1988.[8] Fonville contends that the district court erred in counting these two prior convictions separately and argues that they should be considered related offenses pursuant to U.S.S.G. § 4A1.2.[9] Fonville considers the crimes related because they were close in time and place, involved the same defendants and motive (financial support), were solved by a single police investigation, received concurrent sentences, and would have been consolidated for sentencing if Fonville had not proceeded to trial on the robbery charge. The claim that his two prior offenses are related under § 4A1.2 has no merit. They were committed on separate occasions, were not in fact consolidated for trial or sentencing, and did not involve similar substantive offenses. The fact that they had concurrent sentences, a common motivation, and the same participants does not make these two prior offenses related. In *United States v. Rivers,* 929 F.2d 136, 140 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 431, 116 L.Ed.2d 451 (1991), this court rejected a contention that consolidation for the purpose of plea bargaining was the functional equivalent of consolidation for sentencing under

---

**7.** The district court had the authority to depart downward if it considered that career offender status for Anthony Fonville, and his resultant Category VI criminal history, over-represented the seriousness of his criminal history. See § 4A1.3; *United States v. Adkins,* 937 F.2d 947 (4th Cir.1991). In this instance, however, the district court stated that it didn't "think his status as a career offender overstates the seriousness of his prior crimes...."

**8.** Fonville's two convictions are crimes of violence pursuant to U.S.S.G. § 4B1.2(1)(i), (ii) and app. n. 2.

**9.** U.S.S.G. § 4B1.2, app. n. 4 states that § 4A1.2 is applicable to the counting of convictions for career offender status. U.S.S.G. § 4A1.2(a)(2) requires that prior sentences imposed in unrelated cases be counted separately and prior sentences imposed in related cases be treated as one sentence. § 4A1.2, app. n. 3 states that "prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing."

§ 4A1.2 and held that partially concurrent sentences do not make prior convictions related.

Furthermore, similar motivation does not convert prior convictions into related offenses for purposes of sentencing. *United States v. Sanders*, 954 F.2d 227, 232 (4th Cir.1992). Fonville's assertion that the two prior convictions resulted from a single investigation and his reliance on *United States v. Houser*, 929 F.2d 1369 (9th Cir.1990), is misplaced. In *Houser*, a single police investigation targeted the defendant for drug activity, which resulted in two undercover drug buys by a single government agent in separate counties. Thus, the defendant was "charged and convicted of two offenses merely because of geography and not because of the nature of the offenses." *Houser*, 929 F.2d at 1374. Without deciding whether a single police investigation is relevant to a determination of the relatedness of prior convictions, several important factors distinguish *Houser* from the instant case. *Houser* involved convictions of the same substantive offenses in separate jurisdictions. In such a case, inquiry into whether both substantive offenses were the primary target of a single police investigation might have helped to determine if the similar crimes were, in fact, related.[10] In contrast, Fonville's two prior convictions involved different substantive offenses. Furthermore, Fonville's arresting officers found out about the robbery only after arresting both Fonvilles for breaking and entering. Fonville's prior convictions are not related merely because, by accident, they were solved by the same police officers.

### IV.

■ Fonville argues that his career offender status violates equal protection guarantees embodied in the Fifth Amendment, insofar as his predicate offenses included state convictions obtained before Fonville was eighteen years old.[11] Since Fonville was proceeded against as an adult under North Carolina law, that point is also without merit.

We do not believe that Congress must prescribe a uniform age at which to consider criminals adults, for federal sentencing purposes, under state law to escape an equal protection challenge.

We dismiss Fonville's appeal so far as he claims that the district court erred in not departing downward based on Fonville's lack of youthful guidance. In all other respects the judgment of the district court is affirmed.

*AFFIRMED IN PART, DISMISSED IN PART.*

---

**10.** See *United States v. Davis*, 922 F.2d 1385, 1390 (9th Cir.1991) (explaining that in *Houser*, it is the "nature of the offenses which is controlling, not mere geographic separation.")

**11.** U.S.S.G. § 4B1.2, app. n. 3 defines prior adult felony conviction for the purpose of career of-

fender status under § 4B1.1 to include a "conviction for an offense committed prior to age eighteen ... if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted...."