25 F.3d 1041
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lonnie Alvertice ADAMS, Defendant-Appellant.
 No. 93-5211.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 24, 1994.
Decided: June 14, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Norwood Carlton Tilley, Jr., District Judge. (CR-92-49-D)
 Walter T. Johnson, Jr., Greensboro, NC, for appellant.
 Benjamin H. White, Jr., U.S. Atty., David B. Smith, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Lonnie Alvertice Adams appeals from the district court's judgment convicting him of conspiracy to possess with intent to distribute heroin and sentencing him to 360 months' imprisonment. We affirm.
 
 
 2
 Adams first alleges that the district court erred in denying his motion for acquittal. The trial transcript reveals that Adams's coconspirators testified at trial, fully establishing his knowing and active participation in a conspiracy to possess heroin with the intent to distribute it. Adams contends that neither co-conspirator provided "credible evidence." A conspiracy conviction requires a finding of (1) an agreement between persons to violate federal drug laws and (2) willful joinder therein by the defendant. United States v. Clark, 928 F.2d 639, 641-42 (4th Cir.1991). The testimony at trial was sufficient for a jury to find both these elements beyond a reasonable doubt, and we do not review the credibility of witnesses. See United States v. Sanders, 886 F.2d 56, 60 (4th Cir.1989). Therefore, Adams's motion for acquittal was properly denied. United States v. Mills, 995 F.2d 480, 483 (4th Cir.), cert. denied, 62 U.S.L.W. 3252 (U.S.1993).
 
 
 3
 Adams was convicted of two prior felonies. He was tried as an adult in both prosecutions. Adams contends--on equal protection and fundamental fairness grounds--that he should not have been sentenced as a career criminal because one of the underlying convictions was imposed when he was sixteen years old. We have recently found to the contrary. United States v. Fonville, 5 F.3d 781, 785 (4th Cir.1993). Thus, Adams's claim is without merit.
 
 
 4
 Finally, Adams complains that the evidence was insufficient to establish the amount of drugs used for sentencing. The district court was required to find the amount of drugs by a preponderance of the evidence. United States v. Engleman, 916 F.2d 182, 184 (4th Cir. 1990). We review the district court's factual finding only for clear error. United States v. Mark, 943 F.2d 444, 450 (4th Cir.1991). The transcript of sentencing, referencing the trial transcript, reveals ample support for the district court's determination of the drug amount. Therefore, Adams's final claim must fail.
 
 
 5
 We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED