**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                              No. 95-5972

STEVE SILVER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-95-110)

Submitted: October 22, 1996

Decided: November 26, 1996

Before HALL, MURNAGHAN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Lee Carlton, Jr., Raleigh, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Christine Blaise Hamilton,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Steve Silver appeals his conviction and his 324-month sentence for conspiring between January and May 1995 to possess crack cocaine with intent to distribute, 21 U.S.C.A. § 846. He contests the district court's refusal to give a lesser-included offense instruction, its determination of the amount of crack attributable to him for sentencing purposes, USSG § 2D1.1,[1] its failure to depart, and its denial of an adjustment for acceptance of responsibility. USSG § 3E1.1. Finding no error, we affirm the conviction and sentence.

Silver sold 3.8 grams of crack to an undercover officer on January 20, 1995. Five days later, the agent bought .8 grams of crack from Silver and 7.1 grams of crack from Silver and Tracy Lynch together. All the sales took place at a barn behind Lynch's father's house which had been identified by investigators as a drug market. In May 1995, Silver was charged with conspiracy to possess more than 50 grams of crack with intent to distribute.

At Silver's trial, Tracy Lynch testified that Silver sold crack for him on a daily basis for two years, provided transportation when Lynch needed to get a new supply from his source, and acted as lookout. Cleveland Lynch, Tracy's cousin, testified that he sold crack for Tracy Lynch for a year before his arrest in May 1995, and that Silver sold crack received from Tracy on a daily basis during that time. Silver testified that he bought three or four grams of crack from Tracy Lynch for his own personal consumption in 1995, and sold very small quantities on a few occasions. At the close of the evidence, Silver's attorney requested a jury instruction on simple possession and on conspiracy to possess less than 50 grams of crack, both of which the district court declined to give.

After Silver's conviction, the probation officer used Tracy and Cleveland Lynch's trial testimony to calculate that Silver had person-

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1995). This issue is not raised separately, but underlies Silver's arguments concerning jury instructions and acceptance of responsibility.

2

ally distributed over 2 kilograms of crack, and to recommend a base offense level of 38. At the sentencing hearing, Silver testified that he had distributed only a small amount of crack**2** and argued that the Lynches were unreliable witnesses. However, the district court found that the Lynches were more credible than Silver, in part because the jury accepted their testimony in convicting Silver. The court also found that Silver had not accepted responsibility for his conduct. Silver received a sentence of 324 months imprisonment.

We find first that the district court did not err in refusing the lesser-included offense instruction. The quantity of drugs is not an element of an offense under § 846 and § 841 and is not to be determined by the jury. See United States v. Heater, 63 F.3d 311, 322 (4th Cir. 1995), cert. denied, ___ U.S. #6D6D 6D#, 64 U.S.L.W. 3485 (U.S. Jan. 16, 1996) (No. 95-7090); United States v. Engleman , 916 F.2d 182, 184 (4th Cir. 1990). Therefore, conspiracy to distribute less than 50 grams of crack is not a lesser-included offense.

Silver also argues that he was entitled to an instruction on conspiracy to possess crack. Because Silver abandoned his initial request for this instruction, we review his claim under the plain error standard. United States v. Olano, 507 U.S. 725, 731-37 (1993). Silver relies on United States v. Baker, 985 F.2d 1248 (4th Cir. 1993), cert. denied, 510 U.S. 1040 (1994). In Baker, this court found that the trial's court's refusal to instruct the jury on conspiracy to possess was error because the evidence could allow the jury to find the defendant guilty of conspiring only to possess cocaine for his own use. Id. at 1258-60. In this case, Silver twice distributed crack to an undercover officer and two co-conspirators testified that he sold crack every day for a year or more. On this evidence, the court's refusal to give the instruction was not plain error.

Concerning the amount of crack attributed to Silver, we defer to the district court's assessment of the credibility of the government's witnesses. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Based on their testimony, the court correctly determined the base offense level. Silver also argues that the district court should have

_____

**2** In written objections to the presentence report, Silver admitted distributing 14.7 grams of crack.

3

determined what amount he consumed and based the sentence only on the amount distributed. However, Silver did not make this argument to the district court and only plain error review is available for this issue. Olano, 507 U.S. at 731. We find that the district court did not plainly err in failing to determine and discount sua sponte the amount of crack Silver consumed.

Although Silver did not request a downward departure, he now requests resentencing so that the district court may consider a departure to correct the disparity between his sentence and Tracy Lynch's 66-month sentence. Lynch received a substantial assistance departure. Disparity between the defendant's sentence and those of co-defendants is not a permissible ground for departure. United States v. Fonville, 5 F.3d 781, 783-84 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3754 (U.S. May 16, 1994) (No. 93-7612).

Finally, the district court did not clearly err in denying Silver an adjustment for acceptance of responsibility. The adjustment is not intended to apply to a defendant who denies his factual guilt at trial and puts the government to its burden of proof. USSG§ 3E1.1, comment. (n.2). Silver asserts that he was entitled to a reduction for acceptance of responsibility because he admitted his participation in the conspiracy but went to trial to prove that he was involved with less than 50 grams of crack. While Silver arguably admitted the elements of guilt at trial, he never admitted his involvement with more than 50 grams of crack, even at sentencing, although the district court found that his relevant conduct consisted of at least 50 grams. The adjustment does not apply when a defendant falsely denies relevant conduct that the court determines to be true. USSG§ 3E1.1, comment. (n.1(a)).

Accordingly, the conviction and the sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4