UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4242

WENDELL LEE CHEESE,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-97-155)

Submitted: January 12, 1999

Decided: January 27, 1999

Before MURNAGHAN, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. Mason Preston, PRESTON & WEESE, L.C., Lewisburg, West Vir-
ginia, for Appellant. Rebecca A. Betts, United States Attorney, John
L. File, Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Wendell Lee Cheese pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). He was sentenced to 210 months' imprisonment. He now appeals his sentence claiming that he withdrew from the conspiracy and therefore should not have been held accountable for the total quantity of drugs involved. He further maintains that the court erred in refusing to grant a downward departure for substantial assistance and that the court improperly sentenced him to a longer term of imprisonment than a co-defendant. Finding no reversible error, we affirm.

Cheese was involved in a conspiracy to sell cocaine base in Beckley, West Virginia. Cheese was initially primarily responsible for distributing the cocaine base in Beckley brought from New York by other co-conspirators. The evidence disclosed that these co-conspirators made approximately ten to twelve of these trips, each trip involving between thirty to one hundred ten grams of cocaine base. On at least one occasion, Cheese served as courier. Some weeks into the conspiracy, Cheese's girlfriend replaced Cheese as seller, due to the co-conspirators' fear of Cheese's unreliability as a drug user. Cheese, however, occasionally assisted his girlfriend in selling the drugs. The key conspirators were convicted of drug-related charges.

Cheese pled guilty to conspiring to distribute and possess with intent to distribute cocaine base. In the presentence report, the probation officer attributed to the conspirators between five hundred grams and one and a half kilograms of cocaine base. At sentencing, Cheese did not dispute this amount. He merely objected to the probation officer's finding that he was not entitled to a reduction in his sentence for having a minor role in the offense. The court ultimately granted him a two-level reduction in his sentence for his minor role in the conspiracy, and sentenced him to 210 months' imprisonment.

Cheese first asserts that because he withdrew from the conspiracy, the court erred in finding that the quantity of drugs attributed to the conspiracy was foreseeable to him. Because Cheese failed to object

2

to this quantity at anytime, we may only review this alleged error if it was a plain error that affected his substantial rights. See Fed. R. Crim. P. 52(b); see also United States v. Olano , 507 U.S. 725, 731-32 (1993).

For sentencing purposes, quantities attributable to persons convicted of conspiracy to distribute illegal drugs are determined by examining "the quantity of [drugs] reasonably foreseeable to each coconspirator within the scope of his agreement." United States v. Irvin, 2 F.3d 72, 78 (4th Cir. 1993). The government bears the burden of establishing by a preponderance of the evidence the quantity of drugs attributable to a defendant. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). We review the sentencing court's factual determination of the amount of controlled substances attributable to a defendant pursuant to United States Sentencing Guidelines Manual § 1B1.3 (1997), on a clearly erroneous standard of review, with due deference to the court's application of the guidelines to the facts. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994).

We find sufficient support in the record for the district court's finding that the quantity of drugs attributed to the conspiracy was reasonably foreseeable to Cheese. He played an active role in the conspiracy and continued to play a part even after his involvement in the distribution of the drugs was reduced. Furthermore, Cheese failed to meet his burden of showing that he withdrew from the conspiracy. See United States v. Walker, 796 F.2d 43, 49 (4th Cir. 1986). We therefore find no plain error in the court's determination that the total amount of drugs in the conspiracy was reasonably foreseeable to Cheese.

Cheese next posits that he was entitled to a reduction in his sentence because of his alleged substantial assistance. Upon motion by the Government stating that the defendant has provided substantial assistance in a criminal investigation, the sentencing court may depart downward from the guidelines. See USSG § 5K1.1. A defendant does not, however, have any right to a substantial assistance departure, see United States v. Chavez, 902 F.2d 259, 267 (4th Cir. 1990), and in the absence of a contractual obligation or unconstitutional motives, the Government's refusal to move for one is not subject to appellate review. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). The Government did not move for such a motion and we find neither

3

of the above-mentioned circumstances present here. We therefore dismiss this claim.

Finally, Cheese challenges the disparity in the sentence imposed upon him and that imposed upon his girlfriend, a co-conspirator. The sentencing court need not consider the sentence of a co-defendant when imposing sentence. See United States v. Foutz, 865 F.2d 617, 622 (4th Cir. 1989). Further, even comparing the sentences of Cheese and his girlfriend, the differences in the sentences are clearly supported by the record given the differences in cooperation, acceptance of responsibility, and convictions on different charges. To the extent that Cheese challenges the district court's refusal to depart downward based on his co-defendant's sentence, disparity of sentences among co-defendants is not a ground for downward departure absent prosecutorial misconduct, which is not alleged here. See United States v. Fonville, 5 F.3d 781, 783-84 (4th Cir. 1993). We find that the district court therefore did not err in imposing Cheese's sentence.

With respect to Cheese's various claims of ineffective assistance of counsel, such claims should be raised by motion under 28 U.S.C. § 2255 (West 1994 & Supp. 1998), in the district court and not on direct appeal unless it "conclusively appears" from the record that defense counsel did not provide effective representation. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). The record does not conclusively show that Cheese's attorney was ineffective.

Accordingly, we affirm Cheese's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

4