UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JOHN FRANCIS TATHAM, JR., a/k/a
Todd Michael Goodrich,
Defendant-Appellant.

No. 99-4010

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-98-12)

Submitted: July 27, 1999

Decided: August 26, 1999

Before MURNAGHAN, WILKINS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Herbert C. Clay, LAW OFFICE OF HERBERT C. CLAY, Marion,
Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney,
S. Randall Ramseyer, Assistant United States Attorney, Abingdon,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pursuant to his guilty pleas, John Francis Tatham was convicted of one count each of conspiracy to commit bank fraud and conspiracy to fraudulently use social security numbers and two counts of bank fraud. On appeal, Tatham alleges that the district court erroneously calculated his criminal history score. Finding no reversible error, we affirm.

Tatham and his wife used aliases and false social security numbers to open checking accounts at various banks. They then "kited" checks between different accounts, withdrew cash, and wrote worthless checks to merchants for cash, goods, and services. [1] In preparing Tatham's presentence report, the probation officer assigned fifty-three criminal history points, far more than the thirteen points needed for the highest criminal history category. Forty-two of these points were the result of fourteen separate convictions for breaking and entering and automobile theft. The record shows that over a one week period in 1992 Tatham and three friends broke into fourteen vehicles, all belonging to different victims. If the keys were in the car, they stole it, stripped it, and sold the parts; otherwise, they simply stole items of value. The cases were not consolidated for trial, but Tatham did receive concurrent sentences. Tatham argued unsuccessfully at trial that the fourteen convictions should be treated as "related" pursuant to USSG § 4A1.2(a)(2), [2] resulting in a total of only three criminal history points. The district court also departed upward from the Guidelines range because the criminal history category under represented Tatham's criminal history.

_____

[1] Tatham and his wife ultimately caused over $48,000 in losses.
[2] **U.S. Sentencing Guidelines Manual** (1997). This section permits the sentencing court to treat prior sentences in "related" cases as one sentence for purposes of calculating a defendant's criminal history score.

2

Because the basic facts concerning the fourteen convictions are undisputed, we review de novo the district court's finding that they were not "related" under USSG § 4A1.2(a)(2). See United States v. Rivers, 929 F.2d 136, 141 (4th Cir. 1991). In calculating a defendant's criminal history score, "prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." See USSG§ 4A1.2, comment. (n.3). In the present case, it is clear from the record that the prior offenses in question did not occur on the same occasion, nor were they consolidated for trial or sentencing, and Tatham does not challenge this finding. He does, however, allege that the thefts were all part of a common scheme or plan to make money.

The burden was on Tatham to establish the existence of a common scheme, and we find that he failed to meet this burden. See United States v. Cowart, 90 F.3d 154, 159 (6th Cir. 1996). Although the Guidelines do not define "scheme" or "plan," we concur with the Seventh Circuit that the terms imply a specific intent such that the "commission of one [offense] would entail the commission of the other as well." See United States v. Woods, 976 F.2d 1096, 1099 (7th Cir. 1992) (citation omitted). In other words, there must be "more than simply a repeated pattern of criminal conduct." Id. at 1100 (quoting United States v. Chartier, 970 F.2d 1009, 1016 (2d Cir. 1992). Tatham alleges that the offenses in question should be considered "related" because of their temporal and geographic proximity and because the primary purpose behind all of the thefts was to make money. However, these factors alone are not necessarily determinative,**3** especially when the motive is merely to fund a particular lifestyle. See Chartier, 970 F.2d at 1016.**4** Absent any evidence to the contrary, we find that the record supports the district court's finding that Tatham's prior offenses were merely crimes of opportunity with no overarching plan.

_____

**3** **See United States v. Breckenridge**, 93 F.3d 132, 138 (4th Cir. 1996); see also United States v. Fonville, 5 F.3d 781, 785 (4th Cir. 1993) (holding that shared motivation cannot transform prior convictions into one illicit act).
**4** After all, as a matter of common sense, the primary goal of most thieves is to make money.

We therefore affirm Tatham's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4