UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

No. 01-4240

JAMES BYRD,
　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-00-94)

Submitted: November 20, 2001

Decided: December 3, 2001

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

G. Ernest Skaggs, SKAGGS & SKAGGS, Fayetteville, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Lisa A. Green, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Pursuant to a plea agreement, James Byrd pled guilty to aiding and abetting the distribution of hydromorphone, in violation of 18 U.S.C. § 2 (1994) and 21 U.S.C. § 846 (1994). Byrd timely appealed. Byrd's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), addressing whether the district court abused its discretion in failing to sentence Byrd in conformity with a similarly situated co-defendant who received a shorter sentence. Counsel concedes, however, that there are no meritorious issues for appeal. Advised of his right to file a pro se supplemental brief, Byrd has elected not to do so.

An otherwise proper sentence cannot be challenged on the basis of an alleged disparity with sentences of co-defendants. *United States v. Davis*, 98 F.3d 141, 145 (4th Cir. 1996). To the extent that Byrd asserts that the district court should have sua sponte made a downward departure in his sentence based on his co-defendant's sentence, disparity of sentences among co-defendants is not a ground for downward departure absent prosecutorial misconduct, which is not evident here. *United States v. Fonville*, 5 F.3d 781, 783-84 (4th Cir. 1993).

Pursuant to *Anders*, this court has reviewed the record for potential error and has found none. We therefore affirm Byrd's conviction and sentence. We deny counsel's motion to withdraw from representation. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*