**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

　　　v.

MICHAEL WAYNE POOLE,
　　　　　　*Defendant-Appellant.*

No. 01-4468

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

　　　v.

MICHAEL WAYNE POOLE,
　　　　　　*Defendant-Appellant.*

No. 01-4469

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

　　　v.

MICHAEL WAYNE POOLE,
　　　　　　*Defendant-Appellant.*

No. 01-4470

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

　　　v.

MICHAEL WAYNE POOLE,
　　　　　　*Defendant-Appellant.*

No. 01-4471

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

                    v.                                No. 01-4472

MICHAEL WAYNE POOLE,
          *Defendant-Appellant.*


UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

                    v.                                No. 01-4473

MICHAEL WAYNE POOLE,
          *Defendant-Appellant.*


UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

                    v.                                No. 01-4474

MICHAEL WAYNE POOLE,
          *Defendant-Appellant.*


UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

                    v.                                No. 01-4475

MICHAEL WAYNE POOLE,
          *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

                    v.                              No. 01-4476

MICHAEL WAYNE POOLE,
                    *Defendant-Appellant.*

Appeals from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-00-174, CR-01-9, CR-01-13, CR-01-17, CR-01-21, CR-01-36,
CR-01-39, CR-01-40, CR-01-43)

Argued: June 5, 2002

Decided: September 5, 2002

Before WILLIAMS and GREGORY, Circuit Judges, and
Frederick P. STAMP, Jr., United States District Judge for the
Northern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Joseph Anthony Brossart, Legal Research and Writing
Specialist, Charleston, West Virginia, for Appellant. John Lanier File,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee. **ON BRIEF:** Mary Lou Newberger, Federal Public
Defender, Charleston, West Virginia, for Appellant. Kasey Warner,
United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Michael Wayne Poole appeals the sentence imposed by the district court, challenging the district court's decision to sentence him as a career offender pursuant to United States Sentencing *Guidelines Manual*, Section 4B1.1 (2001). The sole issue on appeal is whether the district court erred in finding that Poole's prior convictions were not "related" because they were not formally consolidated and because they were not part of a common scheme or plan. If the district court had considered the offenses related, Poole's criminal history score would place him in a lower criminal history category, resulting in a guideline range of 70-87 months of imprisonment as opposed to the range of 151-188 months of imprisonment. Finding no error, we affirm.

I.

The facts of this case are not in dispute. On July 25, 2000, Poole robbed the First Community Bank in Bluefield, West Virginia. He was arrested the same day and admitted to committing the robbery. Poole also confessed to robbing banks in Coralville, Iowa; Columbia, Missouri; Mobile, Alabama; Columbus, Mississippi; Monaca, Pennsylvania; Toledo, Ohio; Hattiesburg, Mississippi; Bloomington, Illinois; and Kansas City, Missouri between May 18 and July 17, 2000. Poole was indicted in the Southern District of West Virginia for the Bluefield robbery on August 17, 2000. He was charged by indictment or information with all of the other robberies, with the exception of the robbery in Kansas City, Missouri,[1] in the district where the offense occurred. Subsequently, all of the charges were transferred to the Southern District of West Virginia pursuant to Federal Rule of Criminal Procedure 20. Poole pleaded guilty to all nine charges of

---

[1]This offense went uncharged.

bank robbery on February 12, 2001. The issue at Poole's sentencing hearing was whether he was a career offender under U.S.S.G. § 4B1.1.

In 1992, Poole was convicted in the Southern District of Mississippi on sixteen counts of bank robbery. Those sixteen robberies occurred in various cities and states and over a time period of approximately one year. Poole was arrested after robbing a bank in Mississippi and, during the interrogation, admitted to committing the other robberies. All of the charges from other districts were transferred to the Southern District of Mississippi pursuant to Federal Rule of Criminal Procedure 20. The cases were processed under separate docket numbers and there was no formal order consolidating the cases. Poole eventually pleaded guilty to all of the charges and was sentenced to 57 months imprisonment on each charge, those sentences to be served concurrently. Separate judgment and commitment orders were entered in each case.

The United States District Court for the Southern District of West Virginia determined that Poole's 1992 convictions in Mississippi should be considered separate convictions and found that Poole was a career offender. He was then sentenced to 151 months imprisonment on each of the nine cases, to be served concurrently.

## II.

The parties disagree on the standard of review to be applied by this Court. Poole contends that the district court's conclusion that his prior offenses were not formally consolidated under Rule 20 as well as the conclusion that the prior offenses were not part of a common scheme or plan should be reviewed *de novo*. The government, on the other hand, asserts that this Court should review the district court's determination that the prior offenses were not formally consolidated "deferentially" rather than under a *de novo* standard. The government agrees with Poole that, otherwise, the question of whether the prior offenses are "related" is a legal determination and subject to *de novo* review.

In *Buford v. United States*, 532 U.S. 59 (2001), the Court was faced with the question of whether the Seventh Circuit Court of Appeals applied the appropriate standard of review in assessing whether the

district court properly determined that two cases had not been functionally consolidated for sentencing. The Seventh Circuit "decided to review the District Court's decision 'deferentially' rather than '*de novo*.'" *Id*. at 62-63 (quoting *Buford*, 201 F.3d 937, 942 (2000)). The *Buford* case concerns "functional consolidation," a term recognized in the Seventh Circuit. The court held that the Seventh Circuit properly reviewed the district court's decision deferentially rather than *de novo* because of the fact-intensive nature of the "functional consolidation" determination. *See id*. at 64 ("the district court is in a better position than the appellate court to decide whether a particular set of individual circumstances demonstrates 'functional consolidation'").

We believe the case before us is distinguishable from *Buford* because such a fact-intensive inquiry is not necessary, in this case, to determine whether Poole's cases were consolidated. This circuit does not recognize "functional consolidation" and, thus, whether Poole's cases were consolidated is a purely legal question, as discussed below. "We review an application of the Sentencing Guidelines by the district court for clear error in factual matters; legal conclusions are reviewed *de novo*." *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002).

In this case, with respect to the third part of U.S.S.G. § 4A1.2, application note 3, which asserts that prior offenses are related if they were consolidated for trial or sentencing, the conclusion rests on the purely legal question of whether a formal consolidation order was entered pursuant to Federal Rule of Criminal Procedure 8, as we discuss below. Thus, the issue is subject to *de novo* review. On the other hand, the question of whether the prior offenses are related because they were part of a "common scheme or plan" is a factual determination. Thus, the issue of whether the second part of U.S.S.G. § 4A1.2, application note 3 is satisfied is subject to clear error review.

### III.

A defendant is a career offender and subject to enhanced punishment if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction,

(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. Poole concedes that he was at least eighteen years old when he committed the instant offense and that the bank robberies are crimes of violence. Poole argues that he is not a "career offender" because he does not have at least two prior felony convictions of either a crime of violence or a controlled substance offense as required by U.S.S.G. § 4B1.1(3). "Two prior felony convictions," as set forth in U.S.S.G. § 4B1.1(3), is defined in U.S.S.G. § 4B1.2. "The term 'two prior felony convictions' means . . . the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." U.S.S.G. § 4B1.2(c)(2). Section 4A1.2(a)(2) provides that "[p]rior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence." An application note to the Sentencing Guidelines further explains: "[P]rior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, cmt. n.3.

### A.

Poole contends that the bank robberies for which he was sentenced in the Southern District of Mississippi are "related" offenses pursuant to U.S.S.G. § 4A1.2 because the offenses were part of a single common scheme or plan and because the offenses were consolidated for sentencing. First, Poole argues that he satisfies the third part of application note 3 which states that cases are considered related if they were consolidated for trial or sentencing. *See* U.S.S.G. § 4A1.2, cmt. n.3. Poole asserts that his prior convictions were effectively consolidated for sentencing by virtue of a consolidation order pursuant to Federal Rule of Criminal Procedure 20. The government contends that the prior convictions were not consolidated as they were docketed under separate docket numbers, separate judgment and commitment orders were entered for each case, and, most importantly, there was

no formal order entered by the district court consolidating the cases. The government argues that a transfer, alone, does not formally consolidate cases.

This Court was presented with the issue of whether or not prior offenses were consolidated in *United States v. Breckenridge*, 93 F.3d 132 (4th Cir. 1996). In *Breckenridge*, the defendant's prior offenses were consolidated for trial. "The distinction between consolidation for trial and consolidation for sentencing is an important one. Totally unrelated cases may be informally consolidated for sentencing. It seems unlikely that the Sentencing Commission intended such cases to be treated as 'related' for purposes of determining a defendant's eligibility for career offender status." *Breckenridge*, 93 F.3d at 137. Thus, the fact that Poole's prior convictions may have been informally consolidated for sentencing is not dispositive of whether the prior offenses were related. A formal consolidation order is required by this circuit before it will find cases to have been consolidated for purposes of U.S.S.G. § 4B1.1. *See United States v. Allen*, 50 F.3d 294, 297 (4th Cir.), *cert. denied*, 515 U.S. 1167 (1995). In *Allen*, we held that

> requiring charges to be formally consolidated . . . is a rule that is consistent with interests of sentencing uniformity, predictability, and equity. There is no reason for certain defendants who receive concurrent sentences for prior charges to reap an additional windfall over other defendants whose prior crimes, though every bit as "related," may have been sentenced separately. While it is true that requiring formal consolidation is a rigid rule, if such an approach leads to the significant overrepresentation of any defendant's criminal history, the Guidelines provide for departures in such cases.

*Id.* at 299.

Poole contends that his prior sentences were consolidated pursuant to Federal Rule of Criminal Procedure 20(b). It is clear that Federal Rule of Criminal Procedure 8[2] is the appropriate mechanism to for-

---

[2]"Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged

mally consolidate cases and a formal consolidation order pursuant to Rule 8 is required before this Court will consider Poole's prior convictions to be related. Rule 20, on the other hand, provides merely for a transfer from one district to another for plea and sentencing. Moreover, not only does this Court believe that Rule 20 is not the proper mechanism to formally consolidate cases but, in fact, there was no formal consolidation order at all in this case.[3] Thus, Poole has not met the requirement of *Allen*'s "rigid rule" that a formal order of consolidation be entered before this Court will consider the prior offenses "related."

B.

Poole also contends that even if the district court was correct in finding that the prior convictions were not formally consolidated, the convictions, nonetheless, should have been found to be related because they were part of a "common scheme or plan." This Court recognized an eight-factor test to determine whether offenses are part of a common scheme or plan in *Breckenridge*, 93 F.3d 132. Those factors include temporal proximity, geographic proximity, whether the crimes involved the same substantive offense, whether the crimes were directed at a common victim, whether the crimes were solved during the course of a single investigation, whether the crimes shared a similar *modus operandi*, whether the crimes were animated by the same motive, and whether the crimes were tried and sentenced separately only because of an accident of geography. *See id.* at 138.

The first two factors, although not determinative, "are significant indicators of a common plan." *Id.* Poole does not challenge the district court's holding that these factors favor the conclusion that the offenses were not related. In this type of case, we believe that these factors, temporal proximity and geographic proximity, are especially

---

. . . are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

[3]As the government points out, Poole references various Rule 20 proceedings to support his assertion that a "consolidation order" was entered. There is, however, no "Rule 20 order" in the record.

significant. The crimes for which Poole was convicted in the Southern District of Mississippi occurred over a time period of more than one year and involved robberies in eight states and different cities within several of those states. We have held in prior cases, with different facts, of course, that these two factors weigh in favor of finding that prior offenses were related. In *Breckenridge*, the prior offenses occurred during the same one-month period and five out of six of the offenses occurred in the same city, with the sixth occurring in an adjoining county. *See id*. at 134. Similarly, in *United States v. Fonville*, 5 F.3d 781, 785 (4th Cir. 1993), *cert. denied*, 511 U.S. 1086 (1994), the crimes at issue occurred within eight days of one another and within a close geographic proximity. This case is easily distinguished from *Breckenridge* and *Fonville* due to the lengthy time span between the bank robberies along with the vast geographical area over which the robberies occurred. These factors should be afforded significant weight in this case and both weigh against finding that such offenses were "related."

That Poole's prior offenses involved the same substantive offense, bank robberies, is undisputed and this factor weighs in favor of the finding that Poole's prior offenses were related.

The next factor, whether the offenses were directed at a common victim, is not as clear. Poole argues that this factor refers to a common "type" of victim. He contends that because the victims were all banks, the district court's conclusion — that this factor weighed in favor of the government's position because no bank was robbed twice — was in error. The government does not seem to contest Poole's interpretation of this factor. This Court finds, in according due deference to the district court's interpretation of this factor, that the decision to weigh this factor in favor of finding Poole's prior offenses were not related was not in error. However, even if Poole is correct that this factor refers to "type of victim," the balancing of all the factors would still weigh in favor of the government's position that Poole's prior convictions were not related.

The next factor, whether the offenses were solved during the course of a single criminal investigation, is also in dispute. We agree with the district court that this factor should weigh in favor of the government. It is not evident that the offenses were solved by one

criminal investigation but, rather, they were solved by accident when Poole confessed to the robberies after being apprehended for the robbery in Mississippi. We held in *Breckenridge* that the fact "that crimes were solved by a single police investigation — if the crimes were discovered by accident and not by a targeted investigation — does not demonstrate that the offenses result from a common plan." *Breckenridge*, 93 F.3d at 138. The situation at issue in this case is exactly the type of situation we referred to in *Breckenridge* because there was not one targeted investigation of all of the bank robberies committed by Poole. Rather, we can only assume that several law enforcement offices in the respective states where the robberies occurred were investigating the offenses. It was only by accident that the crimes were all solved at one time when Poole confessed during an interrogation. Thus, we believe that the district court was correct in weighing this factor in favor of finding the prior offenses were not related.

The next two factors, whether the offenses shared a similar *modus operandi* and whether the offenses were animated by the same motive, are not contested by either party and weigh in Poole's favor.

One factor remains, which is whether the offenses were tried and sentenced separately only because of an accident of geography. Poole claims that the district court did not properly consider this factor. The district court held that because Poole's cases were not consolidated for sentencing, the factor points to not treating the prior offenses as a common scheme or plan. Poole argues that because he was sentenced at a single hearing and because the sentences were ordered to run concurrently, the factor should weigh in favor of finding that the offenses were related or, at worst, be a neutral factor.

In *Breckenridge*, we noted that if the "evidence supports a finding that all . . . offenses would have been consolidated for trial but for geography, then they . . . should be treated as related for purposes of career offender sentencing." 93 F.3d at 139. We cautioned, however, "the mere fact that a defendant receives concurrent sentences for two crimes does not render the crimes related . . . ." *Id.* at 140. We agree with Poole that this factor should not be discounted when there has been no consolidation. The eighth factor of the *Breckenridge* test is whether the offenses "*would* have been consolidated for trial but for

geography," not whether the offenses *were* consolidated. *Id.* at 139 (emphasis added). We ultimately agree with the district court's conclusion that the factor does weigh in favor of the government's position. The district court properly considered the eighth factor when it found that Poole's cases "could not have been consolidated for trial . . . ." J.A. at 238. We find no clear error in the district court's decision to weigh this factor in favor of finding that the prior offenses were not related.

## IV.

This Court agrees with the district court's ruling that Poole's prior convictions were not formally consolidated. We also agree with the district court's ruling that the *Breckenridge* factors weigh in favor of the government's position that the prior offenses were not related. Even if the factor regarding a common victim refers to "type of victim," thus weighing the factor in favor of Poole, the factors result in an even split. Given the significant weight to be given to temporal and geographic proximity in a case such as this, we believe that the factors ultimately result in a finding that Poole's prior convictions were not related. Accordingly, we find that Poole was appropriately sentenced as a career offender and affirm the judgment of the district court.

*AFFIRMED*